### TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

### Simon A. WOOLF, Appellee.

### No 6836.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

Rehearing Denied Oct. 5, 1966.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellant.

Clark Anderson, Lufkin, for appellee.

STEPHENSON, Justice.

This is a case brought under the Workmen's Compensation Law. Trial was by jury and judgment was rendered upon the jury verdict that plaintiff recover for total and permanent disability. The parties will be referred to here as they were in the trial court.

The first series of points relate to special issue No. 12. This issue asked whether another employee of the same class as plaintiff worked for at least 210 days during the year preceding the date of plaintiff's injury. It is contended that the jury's affirmative answer to this issue had no support in the evidence, that there was insufficient evidence and that such finding was contrary to the weight and preponderance of the evidence.

In passing upon the "no evidence" point, we consider only the evidence supporting such finding by the jury. The only evidence in the record on this issue was given by Ray Halbrooks, the business agent for the local carpenters' union in Lufkin. Plaintiff was working as a carpenter in this area at the time of his injury. Halbrooks gave this testimony: That because of his position he knew how many days in a year carpenters worked in that area. That he put men on the job and when they got out of work they came back to him for another job. He had examined his records to determine if there were carpenters in the area who worked as many as 210 days during the year preceding the date of plaintiff's injury. He found that many carpenters had worked as many as 210 days during such period of time. This evidence supported the finding of the jury.

In passing upon the insufficiency of the evidence point and the point that such finding was against the weight and

preponderance of the evidence, we consider the entire record. On cross-examination Ray Halbrooks testified that he did not have his reports with him on particular carpenters who worked 210 days, but that he could give their names and could get the records. We do not consider the failure to name particular men as being fatal as suggested by defendant. No case has been cited to us holding that the evidence must go so far as to name specific employees in order to satisfy the burden of proof. These points are overruled.

Defendant's next series of points complain of certain statements made by attorneys for plaintiff in their arguments to the jury as being prejudicial and inflammatory and as comparing the wealth of the parties. The first portion complained of was to the effect that if the insurance company could bring the vice president from Bryan for a week, it could afford to bring a doctor from Jacksonville if they thought it was necessary to have him. The doctor was an orthopedist, Dr. Mahon, that plaintiff had gone to see but had not called as a witness to testify. Plaintiff's second attorney had argued in reference to the same doctor and as to plaintiff's failure to call him as a witness: "Who has got the resources in this case?" Also, this second attorney made this argument: "* * * Now, I again say to you, do not give him one dime because he is poor and because he is a working man and because he is suing an insurance company. * * *" Plaintiff's attorney in his argument to the jury referred to the testimony that Dr. Leamon, called by defendant to testify, did 70% of his dealings with defendant's law firm and stated: "You know, it's been my experience in life to observe that the man who pays the fiddler calls the tune to be played * * *,". Defendant also complains of the cumulative effect of all of such arguments.

All of these points were raised in a motion for mistrial and defendant did not ask the court for an instruction to the jury that it should disregard such arguments. We have examined these arguments from the standpoint of the rule stated in Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856, as follows:

> "The true test is the degree of prejudice flowing from the argument—whether the argument, considered in its proper setting, was reasonably calculated to cause such prejudice to the opposing litigant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict."

We hold that such arguments were not so inflammatory that they could not have been cured by an instruction from the court. In any event, we do not find that the arguments were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment, in the light of the record as a whole. Rule 434, Texas Rules of Civil Procedure. The points are overruled.

It is next contended that one of plaintiff's attorneys informed the jury as to the effect of their answers by the following argument: "That's the first thing the defendant says by way of defense, that the plaintiff's disability was caused solely by other injuries, and that will let the defendant out if that's true." Special issue No. 15 asked the jury to find whether or not plaintiff's incapacity was not due solely to arthritis. No objection was made to this argument at the time and no instruction from the court was requested. We do not consider such argument as improper as it did not inform the jury of anything that men of ordinary intelligence would not be presumed to know.

Affirmed.